SIGNED.

Dated: November 23, 2020

_Paul Sala, Bankruptcy Judge_

# THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| RUBEN BORBON, JR., | CASE NO. 2-19-BK-15474-PS |
| and | |
| HEATHER NICOLE BORBON, | **STIPULATED ORDER CONFIRMING FIRST AMENDED CHAPTER 13 PLAN** |
| Debtors. | |

The First Amended Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Amended Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-60 | $3,257.00 |

- 1 -

The payments are due on or before the 9th day of each month commencing January 9, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

Within 14 days of filing them, the Debtors will provide a copy of the 2019 through 2023 federal and state income tax returns to their attorney, who is to provide the returns to the Trustee through www.13documents.com.

(2) Other Property. Debtors will submit nonexempt state and federal income tax refunds for 2019 as supplemental payments to be paid first to unsecured, priority claims, and then to unsecured, nonpriority claims. In the event that other property is submitted, it shall be treated as supplemental payments

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) <u>Administrative expenses:</u>

<u>Attorney Fees.</u> Tom McAvity, shall be allowed total compensation of $4,500. Counsel received $26 prior to filing this case and will be paid $4,474 by the Chapter 13 Trustee.

(2) <u>Claims Secured by Real Property:</u>

- 2 -

In re: Borbon
Case No. 2-19-BK-15474-PS

(a) Creditor, Freedom Mortgage Corporation, secured by a first deed of trust in the Debtor's residence, shall be paid pre-petition arrears of $3,542.87, with 0% interest.

(b) Conduit mortgage payments shall be paid by the Trustee beginning in month 1 of the Plan for the mortgage payment due to the creditor on January 1, 2020. The conduit payment shall be paid by the Trustee for the duration of the Plan unless otherwise ordered. For any month when the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and any adequate protection payments on personal property that have become due, the amount due for that month will be paid to the creditor on the next disbursement date when the Debtor's account balance has sufficient funds to pay a full conduit payment.

(c) If and when a Notice of Payment Change is received, the Trustee will adjust the Plan payment to reflect the decrease or the increase in the mortgage payment, The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(d) Secured Creditor, Freedom Mortgage Corporation, shall be paid post petition mortgage fees and expenses of $900.00. If Freedom files any additional notices for post-petition fees and expenses, within 21 days of the notice, the Debtors will submit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase plan yield accordingly.

(e) Meridian Community Association, secured by a lien in Debtors' residence, shall be paid pre-petition arrears of $714.00, with 12% interest. The Debtors will pay all post-petition assessments directly to Meridian Community Association.

(3) <u>Claims Secured by Personal Property:</u>

(a) Vantage West Credit Union, secured by a lien in 2016 GMC Terrain, shall be paid a secured claim of $17,366.00 with 6% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.

- 3 -

In re: Borbon
Case No. 2-19-BK-15474-PS

(b) Arizona Central Credit Union, secured by a lien in 2008 Chevy 2500 shall be paid a secured claim of $10,000.00 with 6% interest. The creditor will receive adequate protection payments of $200 per month. The balance of the debt shall be classified as unsecured.

(4) <u>Unsecured Priority Claims:</u>

(a) Department of Treasury/Internal Revenue Service shall be paid an unsecured priority claim of $1,140.81 with no interest for income taxes.
(b) Arizona Department of Revenue shall be paid an unsecured priority claim of $835.48 with no interest for income taxes.

(5) <u>Surrendered Property:</u>

Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

(a) None.

(6) <u>Other Provisions:</u> None.

(7) <u>Unsecured Nonpriority Claims.</u> Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the

- 4 -

In re: Borbon
Case No. 2-19-BK-15474-PS

date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

---

**ORDER SIGNED ABOVE**

---

Approved as to Form and Content By:

_____
Russell Brown, Trustee

*/s/ Tom McAvity*

Tom McAvity
Attorney for Debtors

*/s/ Howard A. Chorost*

Howard A. Chorost
Attorney for Creditor, Vantage West Credit Union

- 5 -

In re: Borbon
Case No. 2-19-BK-15474-PS

The Debtors certify: All required State and Federal Income tax returns have been filed No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
RUBEN BORBON, JR., Debtor

_____
HEATHER NICOLE BORBON, Debtor

- 6 -

In re: Borbon
Case No. 2-19-BK-15474-PS