1

**Carpenter, Hazlewood, Delgado & Bolen, LLP**
Attorneys at Law
1400 E. Southern Avenue, Suite 400
Tempe, Arizona 85282
**t** 480.427.2800 | **f** 480.427.2801
Chad P. Miesen - 024910
Edith I. Rudder - 020650
eadie@carpenterhazlewood.com
bknotice@carpenterhazlewood.com
MERCOMMA.0005

Attorneys for Creditor

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:

**Ruben Borbon, Jr. and Heather Nicole Borbon,**

Debtor(s).

Case No. 2:19-bk-15474-PS

Chapter 13

**OBJECTION TO PLAN CONFIRMATION**

Secured Creditor, Meridian Community Association, (the "Association"), hereby files its objection to confirmation of the Debtors' Modified Chapter 13 Plan dated February 24, 2021, based on the Association's Proof of Claim and the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.

I.      INTRODUCTION

Creditor respectfully requests that the Court deny confirmation of the Debtor's Chapter 13 Plan as it fails to properly provide for the Association's claim. Specifically, Debtors' Plan fails to include the Association, fails to address post-petition assessment payments, and fails to comply with the Stipulated Order Confirming the Plan on file and therefore fails to provide for a cure of the Association's claim in full and the Plan lacks feasibility. For the reasons set forth herein, the Court should deny confirmation of the Debtors' Chapter 13 Plan.

## II.    STATEMENT OF FACTS

1.     The Debtors filed for protection under chapter 13 on or about December 10, 2019.

2.     The Association is a nonprofit corporation and homeowners association.

3.     Ruben Borbon, Jr. and Heather N. Borbon are the record owners of Lot 826, Church Farm Parcel E2, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Bok 1242, Page 49. Subject To: Existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record. Also known as 22570 E. Via Del Oro, Queen Creek, AZ, (the "Property"), as evidenced by the Special Warranty Deed recorded in Maricopa County at Recording No. 20170339116.

4.     The Association, pursuant to Article 7, Section 7.1 of the Amended and Restated CC&R's - Maricopa - 12-4-17 recorded at Instrument No. 20170897390 in the Office of the Maricopa County Recorder, and A.R.S. §33-1807(H) has a consensual lien for unpaid assessments and related charges secured by the Property (the "Lien"). The Lien is second only to a first mortgage and any real property taxes under Arizona law.

5.     According to the records of the Association, the Debtor owed $1,524.00 in arrearages at the time of the bankruptcy filing, which is comprised of legal fees and costs incurred by the Association to address the post-petition arrearage and ensure the Association's claim is placed in the correct category, as evidenced by the Proof of Claim on file. We are concurrently amending the proof of claim to capture the costs to object to the latest plan and to address the post-petition assessments.

6.     Additional amounts have accrued since that time without payment by the Debtor. The total due as evidenced by the Association's accounting ledger (copy attached hereto), and which

2

is secured by the Lien is $1,524.00 through this date and $571.00 post-petition, exclusive of interest, but, including attorneys' fees for preparation and filing of this objection.

7. In addition, the Association is also entitled to interest on the balance at 12% per annum pursuant to the Declaration.

8. The Debtors have failed to list the Association's lien appropriately for payment as a secured creditor in the Plan in the same manner as the mortgage(s) on the property.

## III. ARGUMENT

The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to confirm a chapter 13 plan. The burden is on the Debtor to demonstrate that the Plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y.* (*In re Warren*), 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

    A. *Debtors' Chapter 13 Plan Cannot Be Confirmed Because it Does Not Provide for the Full Value of the Association's Claim*.

11 U.S.C. § 1325(a)(5)(B)(ii) requires a Debtor's chapter 13 plan to distribute at least the allowed amount of a creditor's secured claim. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). Furthermore, the requirement that a debtor provide for the full value of a creditor's secured claim is mandatory for plan confirmation. *See Barnes v. Barnes* (*In re Barnes*), 32 F.3d 405, 407 (9th Cir. 1994); *see also In re Lucas*, 3 B.R. 252, 253 (Bankr. S.D. Cal. 1980)("In order to confirm any Chapter 13 Plan, the court must be satisfied…that the plan meets all the requirements of § 1325(a)."). The burden lies with the Debtor in demonstrating compliance with section 1325(a). *Chinichian v. Campolongo* (*In re Chinichian*), 784 F.2d 1440 (9th Cir. 1986).

Debtors' February 24, 2024 Plan fails to include the Association in the plan. The Association's assessment lien is secured solely by real property and needs to be included in only one category C(4)(c).

Case 2:19-bk-15474-PS    Doc 44    Filed 03/24/21    Entered 03/24/21 10:50:39    Desc
Main Document    Page 3 of 7

Additionally, the Debtors' February 24, 2021 Plan does not address payment of the post-petition payments pursuant to the bankruptcy requirements under *Goudelock v. Sixty-01 Ass'n of Apartment Owners*, 895 F.3d 633 (9th Cir. 2018). *See, also,* Bank. L.R. 2084-4. In *Goudelock*, the Ninth Circuit stated:

> The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C § 101(12). In turn, 11 U.S.C. § 101(5)(A) defines a "claim," (and thus, a debt) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." This definition of a claim is very broad, encompassing all of a debtor's obligations "*no matter how remote or contingent.*" *In re SNTL Corp.*, 571 F.3d 826, 838 (9th Cir. 2009) (quoting *In re Jensen*, 995 F.2d 925, 929 (9th Cir. 1993)); *see also, e.g.*, *Rosteck*, 899 F.2d at 696; *In re Christian Life Ctr.*, 821 F.2d 1370, 1375 (9th Cir. 1987) (stating that Congress intended to provide "'the broadest possible definition' of claims so that 'all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.'" (quoting S. Rep. No. 95-989, at 22 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5808)).

> Thus, the obligation to pay [condominium association] assessments is a debt since it creates a right to payment. *See* 11 U.S.C. § 101(5)(A). The fact that the future assessments may be a contingent and unmatured form of the debt does not alter this analysis. *See, e.g.*, *id.*; *SNTL Corp.*, 571 F.3d at 838.

*Goudelock*, 895 F.3d at 637-38.

The court went on to hold that in the Ninth Circuit, courts use the "fair contemplation" test to determine when a claim arises. *Id. (*citing *SNTL Corp.*, 571 F.3d at 839). This test provides that "a claim arises when a claimant can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *Id.*

The court reasoned that at the time of the purchase of a condominium unit, the condominium association can fairly contemplate that the monthly assessments will continue to accrue based upon such owner's continued ownership of the condominium unit. Thus, such owner's *in personam* obligation to pay condominium assessments arises when the owner purchased the condominium unit. *Id.* (citing *Rosteck*, 899 F.2d at 696 (concluding that the debtors

4

"had a debt for future condominium assessments when they filed their bankruptcy petition" in light of the pre-petition obligation in the declaration)).

"Before becoming due each month, the assessments, which are part of the pre-petition debt, are unmatured and are also contingent upon continued ownership of the property. Unmatured contingent debts are, however, dischargeable under Section 1328(a)." *Id*. (citing 11 U.S.C. § 101(5)(A); *Coonfield*, 517 B.R. at 242 (providing that a homeowners association "possesses its claim by virtue of [the debtors] acquiring title to the condominium and subsequent assessments are a consequence of, and mature from, the act that gave rise to such claim. Thus, absent the debtors' pre-petition act of taking title, the Homeowners Association would not have a claim")).

The Association's assessment lien is secured solely by real property and thus, must be addressed in the Plan pursuant to Section C(4)(a), (b) or (c). The Association contends that *Goudelock* and Rule 2084-4 require that the assessment lien (consensual pursuant to Article 7, Section 7.1 of the Amended and Restated CC&R's - Maricopa - 12-4-17 recorded at Instrument No. 20170897390 in the Office of the Maricopa County Recorder, and A.R.S. §33-1807) should be treated, at least administratively, in the same manner as a mortgage. The only difference is that the amount of the debt is not fixed. Thus, because Debtors owe pre-petition arrearage to the Association, it should be listed in Section C(4)(c) and all post-petition payments must be made through the Plan. Concurrently herewith, the Association is amending its Proof of Claim which addresses the post-petition payments.

Section C(4)(c) requires that all post-petition payments must be paid through the Plan because Debtors have a pre-petition arrearage. In the alternative, Debtors can address the post-petition assessment payments through a non-standard provision in Section H of the Plan, such as

> Meridian Community Association, secured by Debtor's residence, shall be paid the prepetition arrearage of $1,524.00 with 12% interest. Debtor will make regular post-

petition payments directly to the Association. Meridian Community Association shall retain its lien regarding the pre-petition arrears until the entire pre-petition arrears have been paid through this Plan.

The Debtors' Plan cannot be confirmed as proposed because it fails to properly provide for the Association's full secured claim. As previously discussed, the Association's claim is in the total amount of $1,524.00. However, the Debtors' Chapter 13 Plan fails to provide for payment of the Association's secured claim. As the Debtor's Plan fails to provide for full payment of the Association's secured claim, it fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii) and cannot be confirmed as proposed.

B.   *Debtors' Chapter 13 Plan Cannot Be Confirmed Because It Is Not Feasible*.

11 U.S.C. § 1325(a)(6) requires debtors to be able to make all plan payments and to comply with the terms set forth in the plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig*, 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (*citing In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). Here, the Debtor has failed to stay current on post-petition charges, totaling $571.00 through the March 2021. Failure of the Debtors to keep the post-petition charges paid current will likely result in the Association proceeding to exercise its lien rights and foreclose on the Property. Accordingly, Debtor's Plan does not have a reasonable likelihood of success and cannot be confirmed as proposed without bringing the post-petition balance current.

**IV.   CONCLUSION**

The Association files this objection to preserve this issue while the parties negotiate the terms of the Stipulated Order of Confirmation. The Association respectfully requests that it receive the Plan payments and required post-petition assessment payments through the Plan in the normal course.

DATED this 24 day of March, 2021

**CARPENTER, HAZLEWOOD, DELGADO & BOLEN, LLP**

By:  _____
Edith I. Rudder
1400 E. Southern Ave., Suite 400
Tempe, Arizona 85282
Phone: (480) 427-2800
bknotice@carpenterhazlewood.com

COPY of the foregoing mailed
this 24 day of March, 2021, to:

Ruben Borbon, Jr. and Heather Nicole Borbon
22570 E. Via Del Oro
Queen Creek, AZ 85142
*Debtor(s)*

Thomas Adams McAvity
c/o Phoenix Fresh Start Bankruptcy Attorneys
4602 E Thomas Rd, Ste S-9
Phoenix, AZ 85028
*Attorney for Debtor(s)*

Russell Brown
3838 N. Central Avenue
Suite 800
Phoenix, AZ 85012
*Trustee*

  */s/ Jessica Tirado*  _____